UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVAN C.R. LAMPE,

Plaintiff,

v.

K. KIRBY and WILLIAM HYATTE,

Defendants.

CAUSE NO. 3:22-CV-398-RLM-MGG

<u>OPINION AND ORDER</u>

Devan C.R. Lampe, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Lampe alleges that while being escorted back from the showers with his hands handcuffed behind his back, he tried to spit on the officer escorting him. Sgt. K. Kirby intervened and pulled him towards her. Mr. Lampe says the forceful movement made him slip and hit his head against Sgt. Kirby. Sgt. Kirby explained in an incident report that she thought Mr. Lampe was headbutting her, so she struck Mr. Lampe on the right side of his head to protect herself and to gain compliance.

ECF 1-1 at 4. Mr. Lampe alleges that after Sgt. Kirby punched him, she slammed him into the wall. It was then, he says, that he tried to headbutt her for striking him. Mr. Lampe claims being slammed into the wall was an excessive use of force because, with his hands restrained behind his back, he wasn't able to prevent his face from hitting the wall. Mr. Lampe also alleges it violates prison policy to put an offender on the wall when his hands are cuffed behind him.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

 Mr. Lampe hasn't plausibly alleged that Sgt. Kirby used excessive force. The facts alleged in Mr. Lampe's complaint show that Sgt. Kirby first used force to maintain discipline after Mr. Lampe tried to spit on another officer. Every subsequent use of force was a proportionate response to Mr. Lampe's actions. Even if he didn't mean to headbutt Sgt. Kirby when he slipped, Sgt. Kirby didn't have to give him the benefit of the doubt, particularly after he had just tried to spit on an officer.[1] *See*

---

[1] Mr. Lampe notes that in a later prison disciplinary hearing, he was sanctioned for spitting on Sgt. Kirby but wasn't found guilty of headbutting her. In that proceeding, he admitted to spitting on her but denied headbutting her. The disciplinary hearing board accepted his guilty plea, and he lost 180 days' good credit time. The lack of an explicit finding by the disciplinary hearing board that he headbutted Sgt. Kirby has no relevance to the analysis here.

Kingsley v. Hendrickson, 576 U.S. 389, 399-400 (2015) (noting the deference courts grant prison and jail officials when facing disturbances because they "are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving" (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)); Ajala v. Tom, 658 F. App'x 805, 807 (7th Cir. 2016) (noting "extra degree of deference" courts give prison officials when needing to make split-second judgments). Moreover, the use of force didn't continue once Mr. Lampe submitted to the officer's commands, and Mr. Lampe doesn't allege any severe or lasting injury.

Nor does Mr. Lampe state a claim based on his allegation that putting him on the wall when his hands were restrained behind him violated prison policy. Section 1983 allows a plaintiff to sue for a violation of his federal rights, not of prison policies. *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980) (claim under §1983 requires that plaintiff was deprived of a federal right by a person acting under color of state law). A violation of prison policy alone can't form the basis for a constitutional claim. *See* Sobitan v. Glud, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. §1983 protects plaintiffs from constitutional violations, not violations of state laws"). A violation of policies must also result in a violation of the federal constitution or laws, which, as already discussed above, Mr. Lampe hasn't alleged.

Mr. Lampe also alleges that after the incident, he asked the warden to be separated from Sgt. Kirby because he feared for his safety around her. The warden didn't act on this request, and so Mr. Lampe sues the warden for failing to protect him. To the extent Mr. Lampe may seek protection from staff, he hasn't shown that Sgt. Kirby poses a substantial risk of harm to him. *See* Klebanowski v. Sheahan, 540 F.3d 633, 639-640 (7th Cir. 2008) (noting that prisoner must communicate to prison officials a specific, future threat of substantial harm to his health or safety in order to state a claim for failure to protect). As already discussed, Sgt. Kirby's actions didn't constitute excessive force, but rather were a proportional response to Mr. Lampe's actions.

This complaint doesn't state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). The facts of this complaint demonstrate that Sgt. Kirby did not use excessive force in her interactions with Mr. Lampe, and no additional facts will change that conclusion.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on September 21, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

4